IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| VIRGINIA BUCKLAND, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. No. 4:15-cv-400 |
| | § | |
| OHIO NATIONAL LIFE | § | |
| ASSURANCE CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## INDEX OF STATE COURT DOCUMENTS

1. Certified copy of Docket Sheet as of April 30, 2015;

2. Civil Case Information Sheet filed April 14, 2015;

3. Plaintiff's Original Petition filed April 14, 2015;

4. Mr. Humphreys' letter dated April 15, 2015;

5. Return of Service upon Ohio National Life Assurance Corporation filed April 28, 2015;

6. Defendant's Original Answer filed May 15, 2015; and

7. Scheduling Order filed May 18, 2015.

Respectfully submitted,

By: s/ Jill B. Davenport
    Bill E. Davidoff
    State Bar No. 00790565
    bill.davidoff@figdav.com
    Jill B. Davenport
    State Bar No. 00783680
    jill.davenport@figdav.com

FIGARI + DAVENPORT, LLP
901 Main Street, Suite 3400
Dallas, Texas 75202-3796
(214) 939-2000
(214) 939-2090 (fax)

ATTORNEYS FOR DEFENDANT
OHIO NATIONAL LIFE
ASSURANCE CORPORATION

## CERTIFICATE OF SERVICE

I certify that all attorneys deemed to accept service of the above-referenced document electronically will be notified via the Court's CM/ECF system and all others will be notified via U.S. mail or email on this 26th day of May 2015.

                s/ Jill B. Davenport
                Jill B. Davenport

# Civil Docket

141-277896-15

Cause Of Action: CONTRACT, CONSUMER/DTPA

| | NAMES OF PARTIES | ATTORNEYS |
|---|---|---|
| Date Filed 04/14/2015 | VIRGINIA BUCKLAND | HUMPHREYS, MARK S 702 DALWORTH ST |
| Jury Fee $ | vs. | GRAND PRAIRIE, TX 75050 BarID: 00789762TX   Ph (972)263-3722   PLTF MARK S HUMPHREYS PC TEXASLAW94@YAHOO.COM |
| Paid By | OHIO NATIONAL LIFE ASSURANCE CORPORATION | |

| Date of Orders | ORDERS OF COURT | Was Steno Used? |
|---|---|---|

A CERTIFIED COPY
ATTEST: April 30, 2015
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: _____
DEPUTY
YOLANDA GARZA  page 1 of 1

141-277896-15

Exhibit 1

# CIVIL CASE INFORMATION SHEET
141-277896-15

CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____   COURT *(FOR CLERK USE ONLY)*: _____

STYLED   Virginia Buckland v. Ohio National Life Assurance Corporation
*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

### 1. Contact information for person completing case information sheet:

Name: Mark S. Humphreys
Email: texaslaw94@yahoo.com
Address: 702 Dalworth Street
Telephone: 972-263-3722
City/State/Zip: Grand Prairie, TX 75050
Fax: 972-237-1690
Signature: /s/ Mark S. Humphreys
State Bar No: 00789762

### Names of parties in case:

Plaintiff(s)/Petitioner(s): Virginia Buckland

Defendant(s)/Respondent(s): Ohio National Life Assurance Corporation

*[Attach additional page as necessary to list all parties]*

### Person or entity completing sheet is:
☒ Attorney for Plaintiff/Petitioner
☐ *Pro Se* Plaintiff/Petitioner
☐ Title IV-D Agency
☐ Other: _____

Additional Parties in Child Support Case:
Custodial Parent: _____
Non-Custodial Parent: _____
Presumed Father: _____

### 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>☒ Consumer/DTPA<br>☐ Debt/Contract<br>☐ Fraud/Misrepresentation<br>☐ Other Debt/Contract: _____<br><br>*Foreclosure*<br>☐ Home Equity—Expedited<br>☐ Other Foreclosure<br>☐ Franchise<br>☐ Insurance<br>☐ Landlord/Tenant<br>☐ Non-Competition<br>☐ Partnership<br>☐ Other Contract: _____ | ☐ Assault/Battery<br>☐ Construction<br>☐ Defamation<br>*Malpractice*<br>☐ Accounting<br>☐ Legal<br>☐ Medical<br>☐ Other Professional Liability: _____<br><br>☐ Motor Vehicle Accident<br>☐ Premises<br>*Product Liability*<br>☐ Asbestos/Silica<br>☐ Other Product Liability<br>List Product: _____<br><br>☐ Other Injury or Damage: _____ | ☐ Eminent Domain/ Condemnation<br>☐ Partition<br>☐ Quiet Title<br>☐ Trespass to Try Title<br>☐ Other Property: _____<br><br>**Related to Criminal Matters**<br>☐ Expunction<br>☐ Judgment Nisi<br>☐ Non-Disclosure<br>☐ Seizure/Forfeiture<br>☐ Writ of Habeas Corpus—Pre-indictment<br>☐ Other: _____ | ☐ Annulment<br>☐ Declare Marriage Void<br>*Divorce*<br>☐ With Children<br>☐ No Children<br><br>**Other Family Law**<br>☐ Enforce Foreign Judgment<br>☐ Habeas Corpus<br>☐ Name Change<br>☐ Protective Order<br>☐ Removal of Disabilities of Minority<br>☐ Other: _____ | ☐ Enforcement<br>☐ Modification—Custody<br>☐ Modification—Other<br>**Title IV-D**<br>☐ Enforcement/Modification<br>☐ Paternity<br>☐ Reciprocals (UIFSA)<br>☐ Support Order<br><br>**Parent-Child Relationship**<br>☐ Adoption/Adoption with Termination<br>☐ Child Protection<br>☐ Child Support<br>☐ Custody or Visitation<br>☐ Gestational Parenting<br>☐ Grandparent Access<br>☐ Parentage/Paternity<br>☐ Termination of Parental Rights<br>☐ Other Parent-Child: _____ |
| **Employment** | **Other Civil** | | | |
| ☐ Discrimination<br>☐ Retaliation<br>☐ Termination<br>☐ Workers' Compensation<br>☐ Other Employment: _____ | ☐ Administrative Appeal<br>☐ Antitrust/Unfair Competition<br>☐ Code Violations<br>☐ Foreign Judgment<br>☐ Intellectual Property | ☐ Lawyer Discipline<br>☐ Perpetuate Testimony<br>☐ Securities/Stock<br>☐ Tortious Interference<br>☐ Other: _____ | | |

| **Tax** | **Probate & Mental Health** | |
|---|---|---|
| ☐ Tax Appraisal<br>☐ Tax Delinquency<br>☐ Other Tax | *Probate/Wills/Intestate Administration*<br>☐ Dependent Administration<br>☐ Independent Administration<br>☐ Other Estate Proceedings | ☐ Guardianship—Adult<br>☐ Guardianship—Minor<br>☐ Mental Health<br>☐ Other: _____ |

### 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:

☐ Appeal from Municipal or Justice Court
☐ Arbitration-related
☐ Attachment
☐ Bill of Review
☐ Certiorari
☐ Class Action
☐ Declaratory Judgment
☐ Garnishment
☐ Interpleader
☐ License
☐ Mandamus
☐ Post-judgment
☐ Prejudgment Remedy
☐ Protective Order
☐ Receiver
☐ Sequestration
☐ Temporary Restraining Order/Injunction
☐ Turnover

### 4. Indicate damages sought *(do not select if it is a family law case)*:

☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100,000 but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☒ Over $1,000,000

Rev 2/13
Exhibit 2

FILED
TARRANT COUNTY
4/14/2015 3:47:40 PM
THOMAS A. WILDER
DISTRICT CLERK

Cause No. 141-277896-15

| | | |
|---|---|---|
| Virginia Buckland | § § | In the _____ Judicial |
| V. | § § | District Court of |
| Ohio National Life Assurance Corporation | § | Tarrant County, Texas |

**PLAINTIFF'S ORIGINAL PETITION**
(with Disclosure Request)

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES **Virginia Buckland** (DL452/SS945), hereinafter called Plaintiff, complaining of and about **Ohio National Life Assurance Corporation**, hereinafter called Defendant, and for cause of action shows unto the Court the following:

1.  **SERVICE**

Defendant **Ohio National Life Assurance Corporation** is an insurance company, doing business in the State of Texas. Said Defendant can be served through its attorney for service: Mark T. Davenport, 3400 Bank of America Plaza, 901 Main Street, LB 125, Dallas, Texas 75206-3176

2.  **JURISDICTION**

The subject matter in controversy is within the jurisdictional limits of this court in that Plaintiff seeks recovery of over $1,000,000.00.

3.  **VENUE**

Pursuant to Texas Civil Practice & Remedies Code, §15.032, venue in Tarrant County is proper in this cause of action is where the beneficiary resides.

4.  **AGENCY AND VICARIOUS LIABILITY.**

Whenever in this Petition it is alleged that Defendant did any act or thing or omission, it is meant that Defendant, its officers, agents, employees, or representatives did such act or thing or omission and that at the time such act or thing was done, it was done with the full authorization or ratification of Defendant or was done in the normal and routine course and scope of employment of Defendant, its officers, agents, employees, or representatives.

141-277896-15

5. **WRITTEN NOTICE GIVEN.**

A.  Plaintiff has fully complied with all of the conditions precedent prior to bringing this suit.

B.  Notice letter was issued February 9, 2015, and this lawsuit is being filed before the expiration of 60 days.

6. **FACTS**

A.  On September 23, 2014, Defendant's policy number 6847485 was in full force and effect.

B.  On September 23, 2014, Anita Fox became deceased.

C.  The beneficiary of this policy is Plaintiff, who is the daughter of Anita Fox.

D.  The policy insured the life of Anita Fox for one million dollars.

E.  The initial application for this policy was made on November 22, 2007.

F.  At that time or soon thereafter, this policy was in full force and effect and continued so until Anita was deceased.

G.  On or before about October 14, 2014, Defendant was contacted for the purposes of making a claim for benefits.

H.  Defendant acknowledged plaintiff's claim for benefits in a letter dated October 14, 2014.

I.  On or about November 3, 2014, the information requested by Defendant was forwarded to Defendant.

J.  As of the date of this letter, Defendant have failed to pay Plaintiff the policy benefits, stating as recently as January 13, 2015, that Defendant is continuing with Defendant's review of the claim.

7. **VIOLATIONS OF THE TEXAS INSURANCE CODE**

A.  It appears that Defendant intentionally or in a negligent manner handled Plaintiff's claim. Plaintiff incorporates herein all the facts as set forth above. Defendant's conduct in this matter appears to be in violation of numerous laws, including but not limited to Texas Insurance Code (TIC), as follows:

   1) **TIC §541.060(a)(2)(A):** Defendant has violated this section by failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which Defendant's liability has become reasonably clear in that Defendant has continued to refuse to pay her policy benefits, when no valid reason exists for Defendant's failure to do so.

141-277896-15

2) **TIC §541.060(a)(4)(A):** Defendant has violated this section by failing to within a reasonable time to affirm or deny coverage to Plaintiff in that the claim was submitted on October 14, 2014 and all documentation Defendant requested was supplied on November 3, 2014, and more than 15 business days have past, without Defendant making a decision on this matter.

3) **TIC §541.060(a)(4)(B):** Defendant has violated this section by failing to within a reasonable time to submit a reservation of rights to a policyholder.

4) **TIC §541.060(a)(7):** Defendant has violated this section by refusing to pay a claim without conducting a reasonable investigation with respect to the claim in that Defendant has all the information Defendant reasonably need to pay the claim and Defendant are continuing in Defendant's refusal to do so.

5) **TIC §542.051 - 542.061:** Defendant has violated these sections by not paying Plaintiff's claim for benefits in a timely manner after Defendant had received all the information Defendant reasonably needed to make a determination to pay Plaintiff. Said payment should having been made on or about November 23, 2014.

8.  **PROMPT PAYMENT OF CLAIMS ACT**

Defendant had all the information needed to pay Plaintiff's claim upon the receipt of the Certificate of Death. As a result this claim should have been accepted and paid November 23, 2014.

a) Defendant is liable as penalty at an interest of 18% a year on the policy benefits plus attorneys' fees.

9.  **KNOWING AND INTENTIONAL**

Defendant committed additional violations of TIC, including but not limited to:

a) **TIC, §541.152(a)(1)** The Defendant knowingly committed the acts complained of and incorporates herein all allegations set forth in this petition / complaint.

b) **TIC, §541.152(b):** It appears Defendant's conduct as alleged above was committed knowingly in that Defendant had actual awareness of the falsity, unfairness, or deceptiveness of the acts complained of above.

10. **BREACH OF CONTRACT**

It is Plaintiff's contention that Defendant's conduct constitutes unfair and deceptive acts or practices in breach of contract for which Defendant can be held responsible, to-wit:

a) There is a valid, enforceable contract of life insurance between Defendant and Plaintiff.

141-277896-15

    b)    Plaintiff is a proper party to sue for breach of the life insurance contract.

    c)    Plaintiff has performed under the life insurance contract.

    d)    Defendant has breached the life insurance contract by not paying Plaintiff's claim for benefits.

    e)    Defendant's breach of the life insurance contract has caused harm to Plaintiff.

## 11. DAMAGES.

Plaintiff sustained the following economic and actual damages as a result of the actions and/or omissions of Defendant described herein:

| | | |
|---|---|---|
| a. | Actual damages for policy benefits | $1,000,000.00 |
| b. | Doubling of damages due to the intentional nature of Defendant's conduct in this matter | $2,000,000.00 |
| c. | Mental anguish damages resulting from Defendant's intentional conduct in this matter | $ 50,000.00 |
| e. | Penalty at 18% per annum on actual damages from November 23, 2014, until paid | $ ?????? |

## 12. DISCOVERY – REQUEST FOR DISCLOSURE TO DEFENDANT:

A.    Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant **Ohio National Life Assurance Corporation** is requested to disclose, within fifty (50) days of service of this request, the information or material as set forth in R.194.2(a) through R.194.2(l). A response to a request under Rule 194.2(f) is due according to Rule 195.2 of the Texas Rules of Civil Procedure.

B.    The disclosures must be signed in accordance with Texas Rules of Civil Procedure, Rule 191.3, and delivered to the undersigned attorney. If a Defendant fails to comply with the requirements above, the Court may order sanctions against such Defendant in accordance with the Texas Rules of Civil Procedure.

## 13. USE OF DOCUMENTS:

Pursuant to Rule §193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives notice to the Defendant that she intends to use all documents exchanged and produced between the parties (including, but not limited to, correspondence, pleadings, records, and discovery responses) during the trial of this matter.

141-277896-15

### 14. ATTORNEY'S FEES.

Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as provided by: (a) §541.152(a)(1), of the Texas Insurance Code; (b) Chapter 38 of the Texas Civil Practice and Remedies Code; and, (c) common law.

### 15. PRE-JUDGMENT INTEREST.

As a result of the injuries sustained by Plaintiff as aforesaid and in addition to such damages, Plaintiff will show that he is entitled to pre-judgment interest on each separate element of damages as awarded by the jury during the trial of this case, from and after the date of accrual of such damages, through the date of judgment, such interest to accrue at the highest prevailing rate then applicable on the date of judgment.

### 16. POST JUDGMENT INTEREST.

As a result of the injuries sustained by Plaintiff and in addition to such damages, Plaintiff will show that he is entitled to post-judgment interest on damages awarded by the jury during the trial of this case, from and after the date of judgment, such interest to accrue at the highest prevailing rate then applicable until paid in full.

### 17. COSTS OF SUIT.

A.   In addition, Plaintiff seeks all related costs of suit in this cause of action through the trial, post-trial, appeal, and/or post-judgment discovery, etc. of this matter.

B.   Wherefore, Plaintiff seeks reimbursement of court costs incurred in the trial of this case and thereafter.

### 18. REQUEST FOR JURY TRIAL.

Plaintiff respectfully requests that a Jury be impaneled on final hearing of this cause of action.

### 19. PRAYER.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for and such other and further relief to which the Plaintiff may be entitled at law or in equity, whether pled or unpled.

141-277896-15

SIGNED on April 14, 2015.

        Respectfully submitted,

BY: _____
      Mark S. Humphreys - SBOT #00789762

MARK S. HUMPHREYS, P.C.
702 Dalworth Street, Grand Prairie, Texas 75050
Tel. (972) 263-3722   *   Fax. (972) 237-1690
Email: texaslaw94@yahoo.com
**Attorney for Plaintiff Virginia Buckland**

141-277896-15

FILED
TARRANT COUNTY
4/15/2015 10:29:53 AM
THOMAS A. WILDER
DISTRICT CLERK

# Mark S. Humphreys, P.C.
## Attorney at Law

702 Dalworth Street, Grand Prairie, Texas 75050     METRO:    (972) 263-3722
texaslaw94@yahoo.com     Facsimile:    (972) 237-1690

Wednesday, April 15, 2015

Tarrant County District Clerk
Attn.   JTL, Citations Clerk
200 East Weatherford Street, 4th Floor
Fort Worth, TX 76196-0230

Re:   Envelope No.   4886143   ...   Cause No. 141-277896-15; Buckland v. Ohio ....

Dear Clerk:

With respect to the above referenced matter, attached you will find a file-marked copy of the Plaintiff's Original Petition. The citation fee has already been paid.

Please attach the citation to the petition and return in the enclosed self-addressed stamped envelope.

Thank you for your attention in this matter.

Sincerely,

*Claudia Huerta*

Claudia Huerta, Litigation Manager

Enclosures

Exhibit 4

THE STATE OF TEXAS                                          ORIGINAL
DISTRICT COURT, TARRANT COUNTY

CITATION                                      Cause No. 141-277896-15

VIRGINIA BUCKLAND                                                          FILED
VS.                                                          TARRANT COUNTY
OHIO NATIONAL LIFE ASSURANCE CORPORATION                     4/28/2015 1:37:13 PM
                                                             THOMAS A. WILDER
                                                             DISTRICT CLERK

TO: OHIO NATIONAL LIFE ASSURANCE CORPORATION
     B/S   MARK T DAVENPORT ATTY 901 MAIN ST LB 125 DALLAS, TX 75206- US

You said DEFENDANT are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION WITH
DISCLOSURE REQUEST at or before 10 o'clock A.M. of the Monday next after
the expiration of 20 days after the date of service hereof before the 141st District Court
,200 E WEATHERFORD, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County,
Texas said PLAINTIFF being

VRIGINIA BUCKLAND

Filed in said Court on April 14th, 2015 Against
OHIO NATIONAL LIFE ASSURANCE CORPORATION

For suit, said suit being numbered 141-277896-15 the nature of which demand is as shown on said
PLAINTIFF'S ORIGINAL PETITION WITH DISCLOSURE REQUEST  a copy of which accompanies this citation.

MARK S HUMPHREYS
Attorney for VIRGINIA BUCKLAND Phone No. (972)263-3722
Address     702 DALWORTH ST GRAND PRAIRIE, TX 75050

     Thomas A. Wilder     , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal
of said Court, at office in the City of Fort Worth, this the 16th day of April, 2015.

                                          By _____Stacci Reynolds_____ Deputy
                                                   STACCI REYNOLDS

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the
clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were
served this citation and petition, a default judgment may be taken against you.
     Thomas A. Wilder, Tarrant County District Clerk, 200 E WEATHERFORD, FORT WORTH TX 76196-0402

OFFICER'S RETURN
Received this Citation on the 28th day of April, 2015 at 10:50 o'clock A M; and executed at
901 Main Street #3400, Dallas TX 75202 within the county of Dallas, State of TX at 11:55 o'clock A M
on the 28th day of April, 2015 by delivering to the within named (Def.): Ohio National Life Assurance Corporation
defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION WITH by delivering
DISCLOSURE REQUEST, having first endorsed on same the date of delivery.     to Mark T. Davenport Atty

Authorized Person/Constable/Sheriff: _____ Jacqui Wilson SCH10001 10-31-15
County of Tarrant     State of TX     By _____ Deputy
Fees $ _____
State of Texas County of _____ (Must be verified if served outside the State of Texas)
Signed and sworn to by the said Jacqui Wilson before me this 28th day of April 2015
to certify which witness my hand and seal of office
(Seal)
     CHRISTOPHER J. FIORE
     Notary Public, State of Texas
     My Commission Expires
     December 22, 2015
County of _____, State of TX

Exhibit 5

*CITATION*

Cause No. 141-277896-15

VIRGINIA BUCKLAND

VS.

OHIO NATIONAL LIFE
ASSURANCE CORPORATION

ISSUED

This 16th day of April, 2015

Thomas A. Wilder
Tarrant County District Clerk
200 E WEATHERFORD
FORT WORTH TX 76196-0402

By        STACCI REYNOLDS Deputy

MARK S HUMPHREYS
Attorney for: VIRGINIA BUCKLAND
Phone No. (972)263-3722
ADDRESS: 702 DALWORTH ST
GRAND PRAIRIE, TX 75050

*CIVIL LAW*

*14127789615000004*
SERVICE FEES NOT COLLECTED
BY TARRANT COUNTY DISTRICT CLERK
ORIGINAL

141-277896-15

CAUSE NO. 141-277896-15

FILED
TARRANT COUNTY
5/15/2015 10:16:11 AM
THOMAS A. WILDER
DISTRICT CLERK

| | | |
|---|---|---|
| VIRGINIA BUCKLAND, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | TARRANT COUNTY, TEXAS |
| | § | |
| OHIO NATIONAL LIFE | § | |
| ASSURANCE CORPORATION, | § | |
| | § | |
| Defendant. | § | 141ST JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER

Defendant Ohio National Life Assurance Corporation ("Ohio National") files its original answer and states:

### GENERAL DENIAL

1. Subject to such admissions and stipulations as may be made at or before time of trial, Ohio National denies generally and specially the material allegations in Plaintiff's Original Petition, pursuant to Tex. R. Civ. P. 92, and demands strict proof thereof in accordance with the requirements of the laws of this state.

### RELIEF REQUESTED

2. Ohio National requests the following relief:

(a) That Plaintiff take nothing by reason of her suit;

(b) That Ohio National be dismissed with its costs; and

(c) That Ohio National have such other and further relief, both general and special, at law and in equity, to which it may be justly entitled.

141-277896-15

Respectfully submitted,

By: /s/ Jill B. Davenport
    Bill E. Davidoff
    State Bar No. 00790565
    bill.davidoff@figdav.com
    Jill B. Davenport
    State Bar No. 00783680
    jill.davenport@figdav.com

FIGARI + DAVENPORT, LLP
901 Main Street, Suite 3400
Dallas, Texas 75202
(214) 939-2000
(214) 939-2090 (fax)

ATTORNEYS FOR DEFENDANT
OHIO NATIONAL LIFE
ASSURANCE CORPORATION

## CERTIFICATE OF SERVICE

I certify that all attorneys deemed to accept service of the above-referenced document electronically will be notified via the Court's electronic notification system and all others will be notified via email and U.S. Mail on this 15th day of May 2015.

/s/ Jill B. Davenport
Jill B. Davenport

CAUSE NO. 141-277896-15

| | | |
|---|---|---|
| VIRGINIA BUCKLAND | § | THE DISTRICT COURT |
| V | § § | 141ST JUDICIAL DISTRICT |
| OHIO NATIONAL LIFE ASSURANCE | § § | TARRANT COUNTY, TEXAS |

SCHEDULING ORDER
For Level 1 & 2 Cases

Based on the information available to the court, the following order shall apply to this case unless modified by the court. If no date is given below, the item is governed by the Texas Rules of Civil Procedure. Compliance with this Scheduling Order will not substitute for timely response to any discovery requests or interrogatory supplementation.

1. NEW PARTIES shall be joined and served by this date. The party causing the joinder shall provide a copy of this scheduling order at the time of service.

2. EXPERT WITNESSES: Except when in conflict with applicable deadlines established by Tex. Civ. Prac. & Rem. §74 or other statute, any objection to the qualifications of an expert witness or to the reliability of an expert's opinion must be made not later than the 30th day after: (1) the date the objecting party receives a copy of the expert's report, or (2) the date of the expert's deposition, or such objection shall be deemed waived. If any such deadlines have already passed prior to the date of this order, any such objections must be made not later than 30 days after the date of this order. Any objections to the qualifications of an expert witness or to the reliability of an expert's opinion must be heard by the Court no later than 30 days prior to the trial date or such objection shall be deemed waived. It is the responsibility of the party making such objection to obtain a timely hearing on the objection.

3. DISCOVERY: Discovery will be governed by the Texas Rules of Civil Procedure applicable to Level 1 cases [see T.R.C.P. 190.2] or Level 2 cases [see T.R.C.P. 190.3(b)(2)&(3)], unless further modified by the court or by agreement of the parties.

**IT IS FURTHER ORDERED THAT**

4. MEDIATION, or a hearing on objection to mediation, must occur 30 days before trial. Unless an objection to mediation is sustained by the court, counsel are jointly responsible for participating in mediation of this case, with the Dispute Resolution Services of Tarrant County, or other mediator agreed to by the parties, serving as mediator. A party's failure to participate in mediation will result in sanctions.

5. TRIAL is set for the week of **APRIL 18, 2016**. This is a preferential setting.

Signed: 5-18-15

Court Minutes Transactions # 20

_____
Judge John P. Chupp

5-19-15
E-MAILED
attys Humphreys, Davenport

Exhibit 7