IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| VIRGINIA BUCKLAND, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. No. 4:15-cv-400-O |
| | § | |
| OHIO NATIONAL LIFE | § | |
| ASSURANCE CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## AGREED CONFIDENTIALITY ORDER

Before the Court is the parties' Agreed Motion for Entry of Agreed Confidentiality Order (ECF No. 10), filed June 17, 2015.  The Court finds that the motion should be and is hereby **GRANTED**.  Based on the stipulation of Plaintiff and Defendant (individually and collectively "Party" or "Parties"), by and through their counsel of record, it is **ORDERED**:

1.     A Party may designate as "Confidential" any testimony, documents, discovery responses, records, or tangible things served or produced by that Party in response to formal discovery demands, disclosures, or subpoenas, which the Party so designating in good faith asserts contain, reflect, refer to, disclose, or constitute any information protected by the Health Insurance Portability and Accountability Act or any trade secrets, confidential, financial, business, client, or proprietary information of the Party so designating (information designated as "Confidential" shall collectively be referred to herein as "Confidential Information").  In order to designate documents,

records, or tangible things as Confidential Information, the producing Party shall stamp each page of such material as "Confidential" and, in the case of information produced in electronic format, the producing Party shall stamp the CD containing the electronic data as "Confidential." If the electronic format contains both Confidential and non-Confidential documents, the producing Party shall reasonably identify which documents are intended to be Confidential.

2. The Parties shall not disclose or use any Confidential Information, or copies thereof, other than in accordance with the terms and conditions of this Confidentiality Agreement.

3. Confidential Information shall not be used or communicated for any purpose other than the conduct of this Action or as authorized below. No one shall be permitted access to Confidential Information except for the prosecution or defense or appeal of this Action, except that a Party may use its own Confidential Information for any purpose.

4. Confidential Information may be disclosed only to the following:

(a) The receiving Party's counsel of record and counsel's employees to whom it is necessary that such information be shown for purposes of conducting the Action;

(b) Experts and consultants retained by counsel for the receiving Party for the conduct of the Action so long as they are given a copy of this Confidentiality Agreement, and thereby agree to be bound by the Confidentiality Agreement;

  (c)  The receiving Party and the receiving Party's officers, employees, agents, and representatives, who assist counsel for the receiving Party in the conduct of the Action;

  (d)  Deponents of the Parties at their depositions and such court reporter personnel only to the extent necessary for purposes of conducting the Action; and

  (e)  Third-party witnesses to whom it is necessary that such information be shown for purposes of conducting the Action, as long as they are given a copy of this Confidentiality Agreement, and thereby agree to be bound by the Confidentiality Agreement.

  (f)  The Court (including Court personnel and jurors) in accordance with the provisions of paragraph 5 of this Confidentiality Agreement.

  (g)  Pursuant to the terms of a court order, subpoena, or request by regulators, auditors, or law enforcement.

  5.  Confidential Information may be filed with the Court only by agreement, with sufficient redaction to protect confidentiality of the information, or under seal in accordance with Local Rules.

  6.  This Agreement shall not abrogate or diminish any contractual, statutory, or other legal privilege or protection of a Party or person with respect to any Confidential Information. The fact that any materials are designated "Confidential" pursuant to this Agreement shall not affect or operate as a means of objection to the admissibility of any such material. The fact that materials are designated as "Confidential" pursuant to this

Agreement shall not affect what a trier of fact in the Action or any other proceeding may find to be confidential or proprietary. However, absent a court order, written agreement of the Parties hereto to the contrary, or as provided herein, no Party may disclose or use any Confidential Information obtained from another party through discovery in this Action other than in accordance with this Agreement.

7. Any Party may challenge the other Party's designation of a document or testimony or portion thereof as "Confidential." The Party shall not be obligated to challenge the proprietary of a "Confidential" designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto. In the event that any Party to this litigation takes issue at any stage of these proceedings at or before trial with such designation, such Party shall provide to the producing Party written notice of its disagreement with a designation. The Parties shall confer to determine whether the dispute can be resolved without the need for Court intervention. If the dispute cannot be resolved by mutual agreement, the Party challenging the designation may seek ruling on its challenge from the Court by motion, giving at least 7 days advance written notice to the producing Party.

8. Neither the taking of, nor the failure to take, any action to challenge any designation of confidentiality pursuant to this Agreement or to enforce the provisions of this Agreement shall constitute a waiver of any right, claim, or defense by a Party in this Action.

9.      Other than what is specifically provided herein, this Agreement does not expand or limit the scope of discovery or the rights and the obligations of any Party with respect thereto in the Action or any other proceeding.

10.     A nonparty who is required to produce documents in this Lawsuit in response to a subpoena or court order may designate documents as "Confidential" pursuant to the terms of this Agreement and shall have the same rights and responsibilities as a Party under this Agreement with respect to such documents.

11.     The fact that the Court will not file this Confidentiality Order of record or endorse it in the form of an Order does not diminish its effectiveness or enforceability. The Parties recognize and agree that a breach of this Agreement will cause harm to the Party producing the Confidential Information.

12.     Within thirty (30) days written request by the producing Party, after final termination, settlement, or dismissal of this Action, counsel for a Party who has received Confidential Information from such producing Party will return all such Confidential Information in its possession, custody, or control, and all portions, summaries, abstracts, indices, or copies thereof (except to the extent that any of the foregoing includes or reflects such counsel's work product) to counsel for the Party who provided them, or will certify in writing to counsel for the Party who provided them that all of such Confidential Information has been destroyed.

13.     This Confidentiality Agreement may be amended or modified only by written stipulation of the Parties or by order of the Court.

**SO ORDERED** on this **18th** day of **June, 2015**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**