IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| Virginia Buckland | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 4:15-cv-00400-O |
| Ohio National Life Assurance Corporation | § | |
| | § | |
| v. | § | |
| | § | |
| Mark Buckland | § | |

**PLAINTIFF and COUNTER-DEFENDANT'S RESPONSE TO
AL FOX III'S MOTION TO INTERVENE**

Plaintiff Virginia Buckland and Counter-Defendant Mark Buckland asks the Court to deny Intervenor Al Fox, III's motion to intervene as a party Plaintiff.

**A.      INTRODUCTION**

1.      Plaintiff is Virginia Buckland.

2.      Defendant/Counter-Plaintiff is Ohio National Life Assurance Corporation.

3.      Counter-Defendant Mark Buckland.

4.      Intervenor is Al Fox III is Suing Plaintiff and Counter-Defendant for wrongful death and making claims for the insurance proceeds.

5.      Plaintiff sued Defendant for breach of contract due to its failure to pay on a life insurance policy.

6.      Intervenor filed a motion to Intervene on August 28, 2015.

7.      Plaintiff and Counter-Defendant oppose Intervenor's Motion to Intervene.

**B.      ARGUMENT**

1.      The Court should know that Intervenor in his intervention is suing Plaintiff (Virginia) and Third-Party Defendant (Mark) for the Wrongful Death of Anita Fox.  However, Intervenor is also suing other parties in another Wrongful Death lawsuit in the 48th Judicial District Court,

Tarrant County, Texas.  The case is styled, Al Fox, III, Et Al vs Bernard Joseph Gorman, Et Al.  The cause number is 048-277926-15.  The case was filed on April 15, 2015.

Members of the Gorman family have been arrested and indicted for the murder of Anita Fox.

If for no other reason than judicial economy, a wrongful death claim against Virginia and Mark should be part of the State Court action, wherein other parties are already named, otherwise, there will be a necessity to bring those other parties into this lawsuit, or give Intervenor multiple bites at the apple.

The present lawsuit in this Federal Court is a suit against the insurer of Anita Fox for their failure to pay life insurance benefits on a policy that was purchased in 2007, naming Virginia, as the beneficiary.

No one, at any time has accused Virginia of being involved in the murder of her mother, Anita Fox, until Intervenor has now decided he might have a chance to the $1,000,000.00 policy.  There were initial concerns about Mark Buckland, because he had three other policies on Anita Fox, but he has been cleared by the authorities in Tarrant County who have informed those who have asked that they are not seeking any others as being culpable in the murder of Anita Fox.  The other policies were conversion policies executed in 2012, naming Mark as the primary beneficiary.

2.   Another other reason Intervenor has intervened in this case is their assertion that they are entitled to the proceeds of the policy based on the alleged involvement of Virginia  and Mark being involved in the murder of Anita Fox and thus forfeiting their rights to policy proceeds.

Under Tex. Ins. Code, Section 1103.151, it appears their intervention is mis-placed and or at least pre-mature or not ripe because Ohio has not yet determined the policy is payable.

For Intervenor to be entitled to the proceeds under Section 1103.151, it would have to be shown that Plaintiff was "an accomplice in willfully bringing about the death of the insured."  It would next have to show that the secondary beneficiary Mark Buckland did the same.  Next, Ohio would have to pay one of them in spite of this showing.  At that time, if the payment were made improperly to Virginia or Mark, then Intervenor would have a cause of action, as an heir of Anita Fox, against Ohio for the improper payment.

Ohio is apparently withholding payment in an abundance of caution but if they decide to inter-plead the funds into the registry of this Court, they would then notify all potentially interested parties which would include Intervenor.  When and if they do that, then Intervenor may have a reason to be involved.  Until then, they do not have an interest.

C.      CONCLUSION

For these reasons, Plaintiff asks the Court to deny Intervenor's motion to intervene.


                              Respectfully Submitted,


                              By:    /s/ Mark S. Humphreys
                              Mark S. Humphreys - SBN 00789762

                              **MARK S. HUMPHREYS, P.C.**
                              702 Dalworth Street, Grand Prairie, TX 75050
                              Telephone:  (972) 263-3722
                              Facsimile:  (972) 237-1690
                              Email:  texaslaw94@yahoo.com
                              **COUNSEL FOR PLAINTIFF**


**CERTIFICATE OF SERVICE**

The following document was served on all parties receiving electronic service via electronic transmission via portable document format (.pdf) to the Efile portal for this Court in this Case on the 14TH day of September, 2015.