IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| Virginia Buckland | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| Ohio National Life Assurance Corporation | § | 4:15-cv-00400-O |
| | § | |
| v. | § | |
| | § | |
| Mark Buckland | § | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES **Virginia Buckland** (DL452/SS945), hereinafter called Plaintiff, complaining of and about **Ohio National Life Assurance Corporation,** hereinafter called Defendant, and for cause of action shows unto the Court the following:

1. **SERVICE**

Defendant **Ohio National Life Assurance Corporation** is an insurance company, doing business in the State of Texas. Said Defendant has been served and has answered this lawsuit.

2. **JURISDICTION**

The amount in controversy exceeds $75,000.000 and the parties are diverse.

3. **VENUE**

Pursuant to Texas Civil Practice & Remedies Code, §15.032, venue in Tarrant County is proper in this cause of action is where the beneficiary resides. Further, Venue is proper under 28 U.S.C., §1391(b)(2) in that this is where the beneficiary and insured resided.

4. **AGENCY AND VICARIOUS LIABILITY.**

Whenever in this Petition it is alleged that Defendant did any act or thing or omission, it is meant that Defendant, its officers, agents, employees, or representatives did such act or thing or omission and that at the time such act or thing was done, it was done with the full authorization

or ratification of Defendant or was done in the normal and routine course and scope of employment of Defendant, its officers, agents, employees, or representatives.

5. **WRITTEN NOTICE GIVEN**.

A. Plaintiff has fully complied with all of the conditions precedent prior to bringing this suit.

B. Notice letter was issued February 9, 2015, and this lawsuit is being filed before the expiration of 60 days.

6. **FACTS**

A. On September 23, 2014, Defendant's policy number 6847485 was in full force and effect.

B. On September 23, 2014, Anita Fox became deceased.

C. The beneficiary of this policy is Plaintiff, who is the daughter of Anita Fox.

D. The policy insured the life of Anita Fox for one million dollars.

E. The initial application for this policy was made on November 22, 2007.

F. At that time or soon thereafter, this policy was in full force and effect and continued so until Anita was deceased.

G. On or before about October 14, 2014, Defendant was contacted for the purposes of making a claim for benefits.

H. Defendant acknowledged plaintiff's claim for benefits in a letter dated October 14, 2014.

I. On or about November 3, 2014, the information requested by Defendant was forwarded to Defendant.

J. As of the date of this letter, Defendant have failed to pay Plaintiff the policy benefits, stating as recently as January 13, 2015, that Defendant is continuing with Defendant's review of the claim.

7. **VIOLATIONS OF THE TEXAS INSURANCE CODE**

A. Plaintiff incorporates "FACTS" set forth above for all purposes herein as if verbatim.

B. It appears that Defendant intentionally or in a negligent manner handled Plaintiff's claim. Plaintiff incorporates herein all the facts as set forth above. Defendant's conduct in this matter

appears to be in violation of numerous laws, including but not limited to Texas Insurance Code (TIC), as follows:

1. **TIC §541.060(a)(2)(A):** Defendant has violated this section by failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which Defendant's liability has become reasonably clear in that Defendant has continued to refuse to pay her policy benefits, when no valid reason exists for Defendant's failure to do so.

2. **TIC §541.060(a)(4)(A)**: Defendant has violated this section by failing to within a reasonable time to affirm or deny coverage to Plaintiff in that the claim was submitted on October 14, 2014 and all documentation Defendant requested was supplied on November 3, 2014, and more than 15 business days have past, without Defendant making a decision on this matter.

3. **TIC §541.060(a)(4)(B):** Defendant has violated this section by failing to within a reasonable time to submit a reservation of rights to a policyholder.

4. **TIC §541.060(a)(7):** Defendant has violated this section by refusing to pay a claim without conducting a reasonable investigation with respect to the claim in that Defendant has all the information Defendant reasonably need to pay the claim and Defendant are continuing in Defendant's refusal to do so.

5. **TIC §542.051 - 542.061:** Defendant has violated these sections by not paying Plaintiff's claim for benefits in a timely manner after Defendant had received all the information Defendant reasonably needed to make a determination to pay Plaintiff. Said payment should having been made on or about November 23, 2014.

8. **PROMPT PAYMENT OF CLAIMS ACT**

A. Plaintiff incorporates "FACTS" set forth above for all purposes herein as if verbatim.

B. Defendant had all the information needed to pay Plaintiff's claim upon the receipt of the Certificate of Death. As a result this claim should have been accepted and paid November 23, 2014.

1. Defendant is liable as penalty at an interest of 18% a year on the policy benefits plus attorneys' fees.

9. **KNOWING AND INTENTIONAL**

A. Plaintiff incorporates "FACTS" set forth above for all purposes herein as if verbatim.

B. Defendant committed additional violations of TIC, including but not limited to:

1. **TIC, §541.152(a)(1)**  The Defendant knowingly committed the acts complained of and incorporates herein all allegations set forth in this petition / complaint.

2. **TIC, §541.152(b):**  It appears Defendant's conduct as alleged above was committed knowingly in that Defendant had actual awareness of the falsity, unfairness, or deceptiveness of the acts complained of above.

## 10. BREACH OF CONTRACT

A.   Plaintiff incorporates "FACTS" set forth above for all purposes herein as if verbatim.

B.   It is Plaintiff's contention that Defendant's conduct constitutes unfair and deceptive acts or practices in breach of contract for which Defendant can be held responsible, to-wit:

1. There is a valid, enforceable contract of life insurance between Defendant and Plaintiff.

2. Plaintiff is a proper party to sue for breach of the life insurance contract.

3. Plaintiff has performed under the life insurance contract.

4. Defendant has breached the life insurance contract by not paying Plaintiff's claim for benefits.

5. Defendant's breach of the life insurance contract has caused harm to Plaintiff.

## 11. DAMAGES.

A.   Plaintiff sustained the following economic and actual damages as a result of the actions and/or omissions of Defendant described herein:

1. Actual damages for policy benefits                                                        $1,000,000.00

2. Doubling of damages due to the intentional nature of Defendant's conduct in this matter   $2,000,000.00

3. Mental anguish damages resulting from Defendant's intentional conduct in this matter      $     50,000.00

4. Penalty at 18% per annum on actual damages from November 23, 2014, until paid             $ ??????

**12.    ATTORNEY'S FEES.**

Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as provided by: (a) §541.152(a)(1), of the Texas Insurance Code; (b) Chapter 38 of the Texas Civil Practice and Remedies Code; and, (c) common law.

**13.    PRE-JUDGMENT INTEREST.**

As a result of the injuries sustained by Plaintiff as aforesaid and in addition to such damages, Plaintiff will show that he is entitled to pre-judgment interest on each separate element of damages as awarded by the jury during the trial of this case, from and after the date of accrual of such damages, through the date of judgment, such interest to accrue at the highest prevailing rate then applicable on the date of judgment.

**14.    POST JUDGMENT INTEREST.**

As a result of the injuries sustained by Plaintiff and in addition to such damages, Plaintiff will show that he is entitled to post-judgment interest on damages awarded by the jury during the trial of this case, from and after the date of judgment, such interest to accrue at the highest prevailing rate then applicable until paid in full.

**15.    COSTS OF SUIT.**

A.    In addition, Plaintiff seeks all related costs of suit in this cause of action through the trial, post-trial, appeal, and/or post-judgment discovery, etc. of this matter.

B.    Wherefore, Plaintiff seeks reimbursement of court costs incurred in the trial of this case and thereafter.

**16.    REQUEST FOR JURY TRIAL.**

Plaintiff respectfully requests that a Jury be impaneled on final hearing of this cause of action.

**17.    PRAYER.**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for and such other and further relief to which the Plaintiff may be entitled at law or in equity, whether pled or unpled.

SIGNED on September 28, 2015.

>Respectfully submitted,
>
>/s/ Mark S. Humphreys
>BY:   Mark S. Humphreys   - SBOT #00789762
>MARK S. HUMPHREYS, P.C.
>702 Dalworth Street, Grand Prairie, Texas 75050
>Tel.  (972) 263-3722  *       Fax.  (972) 237-1690
>Email: texaslaw94@yahoo.com
>**Attorney for Plaintiff Virginia Buckland**

**CERTIFICATE OF SERVICE:**   On September 28, 2015, the undersigned hereby certifies that an electronically transmitted copy of this document was sent to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing was sent to all known defense counsel.

>/s/ Mark S. Humphreys
>Attorney for Plaintiff