IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| VIRGINIA BUCKLAND, | § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| OHIO NATIONAL LIFE ASSURANCE CORPORATION, | § § § § | Civil Action No. 4:15-cv-400-O |
| Defendant. | § § § | |
| v. | § § | |
| MARK BUCKLAND | § § § | |
| Third-Party Defendant. | § § | |

### ORDER GRANTING MOTION FOR INTERVENTION AND MOTION FOR LEAVE TO FILE

Before the Court are Al Fox, III's ("Fox") Motion to Intervene and Brief in Support (ECF Nos. 16–17), filed August 28, 2015; Virginia Buckland and Mark Buckland's ("Buckland" or "the Bucklands") Response and Brief in Support (ECF No. 18–19), filed September 14, 2015; and Fox's Reply (ECF No. 21), filed September 29, 2015. Ohio National Life Assurance Corporation ("Ohio National") did not file a responsive pleading. *See* ECF No. 16–19. Having reviewed the motion, the briefing, and the applicable law, the Court finds that it should be and is hereby **GRANTED**.

Also before the Court is Ohio National's Unopposed Motion for Leave to File Second Amended Answer and Third-Party Complaint for Intervention (ECF No. 22), filed September 30, 2015. Because the Motion is unopposed, the Court will rule on the Motion. Having reviewed the

1

motion, the briefing, and the applicable law, the Court finds that it should be and is hereby **GRANTED**.

## I.   BACKGROUND

Plaintiff Virginia Buckland filed a lawsuit against Ohio National in Tarrant County, Texas. Notice Removal ("Orig. Pet."), ECF No. 1-1.  Ohio National timely removed the action. *Id.*, ECF No. 1.  On June 4, 2015, Ohio National amended its answer to Virginia Buckland's Complaint and brought a third party Complaint against Mark Buckland and a counter claim against Virginia Buckland.  Am. Answer, ECF No. 5.  The Court issued a scheduling order which was subsequently amended to extend the time to file pleadings until October 1, 2015.  Order Granting Mot. Extend Pleading Am. Deadline, July 6, 2015, ECF No. 13.  Fox filed a Motion to Intervene, to which Virginia Buckland and Mark Buckland responded.  Mot. Intervene, ECF No. 16; Resp. Mot. Intervene, ECF No. 18.  Based on the October 1 deadline, Ohio National timely filed an Unopposed Motion for Leave to File its Second Amended Answer and Third-Party Complaint, and to join Fox as a Third-Party Defendant.   Mot. Leave File 2nd Am. Compl., ECF No. 22.

## II.   LEGAL STANDARD

### A.   Intervention

Rule 24 of the Federal Rules of Civil Procedure governs intervention.  Fed. R. Civ. P. 24. Rule 24(a) provides that "[o]n timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a).  Accordingly, to intervene of right under Rule 24(a)(2), the Fifth Circuit requires that: (1) the

intervention application must be timely; (2) the applicant must have an interest relating to the property that is the subject of the action; (3) the applicant must be so situated that disposing of the action may, as a practical matter, impair or impede his ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the existing parties. *Haspel & Davis Milling & Planting Co. Ltd. v. Bd. of Levee Comm'rs of the Orleans Levee Dist. & State of La.*, 493 F.3d 570, 578 (5th Cir. 2007); *see also Taylor Commc'ns Grp., Inc. v. Sw. Bell Tel. Co.*, 172 F.3d 385, 387 (5th Cir. 1999). "Failure to satisfy any one requirement precludes intervention of right." *Haspel & Davis*, 493 F.3d at 578; *see also Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994).

Timeliness of a motion to intervene as of right is determined from all the circumstances. *Heaton v. Monogram Credit Card Bank of Ga.*, 297 F.3d 416, 423 (5th Cir. 2002). "The requirement of timeliness is not a tool of retribution to punish the tardy would-be intervenor, but rather a guard against prejudicing the original parties by the failure to apply sooner." *Sierra Club v. Espy*, 18 F.3d at 1205. The Court considers four factors in determining whether a motion to intervene was timely:

> (1) the length of time during which the would-be intervenor actually knew or reasonably should have known of its interest in the case before it sought to intervene; (2) the prejudice that existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as it knew or reasonably should have known of its interest in the case; (3) the prejudice that the would-be intervenor may suffer if intervention is denied; and (4) whether unusual circumstances militate for or against a determination that the application is timely."

*Heaton*, 297 F.3d at 422–23.

### B.     Motion for leave

After the time for amending as a matter of course has passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P.

15(a)(2). Under Federal Rule of Civil Procedure 15(a)(2), "'leave to amend shall be freely given when justice so requires,' and should be granted absent some justification for refusal." *U.S. ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 386 (5th Cir. 2003).  The decision to grant leave to amend is left to the discretion of the district court. *Id.* at 387.  Factors relevant to this determination include: (1) undue delay in filing the motion for leave; (2) whether the movant acted in bad faith or with a dilatory motive; (3) failure to cure deficiencies by previous amendments; (4) the possibility of undue prejudice to adverse parties; and (5) whether the amendment is futile. *Cent. Laborers' Pension Fund v. Integrated Elec. Servs. Inc.*, 497 F.3d 546, 556 (5th Cir. 2007) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

### III.   ANALYSIS

#### A.   Intervention

In order to intervene as a matter of right, Fox must satisfy the four elements listed in Part II. First, the application for intervention must be timely. *Haspel & Davis*, 493 F.3d at 578.  Buckland challenges the timeliness of Fox's intervention, asserting that Fox "learned of the lawsuit when it was originally filed."  Pl.'s Br. Resp. Mot. Intervene ¶¶ 4–6, ECF No. 19.  The earliest Fox could have known about the federal lawsuit is the date of removal, May 25, 2015.  Fox filed a Motion to Intervene on July 30, 2015, which was unfiled for violations of the Local Rules. *See* Order Unfiling Mot. Intervene, ECF No. 15.  Fox refiled the Motion to Intervene on August 28, 2015.  Mot. Intervene, ECF No. 16.  The Court finds that these dates, two and three months after the date of removal, do not suggest that Fox's delay in filing the Motion to Intervene was unreasonable.

Buckland next challenges Fox's Motion, stating that the suit has progressed into deadlines in the Scheduling Order, which will need to be redrafted.  Pl.'s Br. Resp. Mot. Intervene ¶¶ 4–6, ECF

4

No. 19. However, Plaintiff earlier filed an agreed motion to amend the scheduling order and extend the deadline to file pleading amendments. *See* Joint Mot. Extension Time File Pleading, July 6, 2015, ECF No. 12. Buckland filed an Amended Complaint on September 28, 2015. Am. Compl., ECF No. 28. The parties have not filed dispositive motions in this action. *See* ECF Nos. 1–22. Moreover, Ohio National, in an unopposed motion, seeks leave to join Fox as a third-party defendant in this lawsuit. *See* Mot. Leave File 2nd Am. Compl., ECF No. 22.

Finally, Buckland challenges the timeliness of Fox's Motion to Intervene by saying that "other parties will need to be joined in the wrongful death aspect of the case, i.e., the defendants in the lawsuit previously filed by the Intervenor." Pl.'s Br. Resp. Mot. Intervene ¶ 7, ECF No. 19. However, "prejudice must be measured by the delay in seeking intervention, not the inconvenience to the existing parties of allowing the intervenor to participate in the litigation." *Sierra Club v. Espy*, 18 F.3d at 1206. The prejudice Buckland asserts is not a product of any delay on Fox's part in seeking intervention. Rather, any such prejudice would exist had Fox intervened immediately.

On the other hand, Fox may suffer prejudice if intervention is denied and the Court is unaware of unusual circumstances which militate for or against a determination that the application is timely. *Heaton*, 297 F.3d at 422–23. Fox's state court lawsuit is not related to the Ohio National insurance policy at issue in this lawsuit. Therefore, the Court finds that Fox's Motion is timely.

Next, Fox must have an interest relating to the property that is the subject of the action. *Haspel & Davis*, 493 F.3d at 578. Fox is claiming an interest in an insurance policy as the "nearest relative of the insured." Br. Supp. Mot. Intervene ¶ 3. Fox claims that Virginia and Mark Buckland are proportionally and negligently responsible for the death of the insured, and thus are barred from receiving life insurance proceeds under Texas Insurance Code § 1103.151 and Texas Civil Practice

5

and Remedies Code § 33.001.  *Id.* ¶ 4.  Ohio National has determined that the proceeds are payable.  Mot. Leave File 2nd Am. Compl. 3, ECF No. 22.  Therefore, Fox is claiming an interest related to the property that is the subject of this action.

Third, Fox must be so situated that the disposition may, as a practical matter, impair or impede his ability to protect that interest.  *Haspel & Davis*, 493 F.3d at 578.  Finally, Fox's interest must be inadequately represented by the existing parties.  *Id.*  As noted earlier, Ohio National has determined that the policy is payable, and is seeking to interplead the funds into the registry of the Court.  Mot. Leave File 2nd Am. Compl. 3, ECF No. 22.  Buckland concedes that if Ohio National interpleads the funds, "Intervenor may have a reason to be involved."  Regardless, the Court finds that Ohio National is not situated so as to protect Fox's interest in the outcome of the litigation.  Therefore, Fox satisfies the four elements for intervention of right and Fox's Motion to Intervene is hereby **GRANTED**.

  **B.** **Leave to File**

The Court extended the pleading amendment deadline to October 1, 2015.  Order, July 7, 2015, ECF No. 13.  The Court finds no justification to refuse Ohio National leave to file its Second Amended Answer and First Party Amended Counterclaim and Third-Party Complaint for Interpleader (ECF No. 22), filed September 30, 2015.  According to the Certificate of Conference, Fox and the Bucklands are unopposed to the relief requested in this Motion.  *Id.* at 5.  Therefore, the Court **GRANTS** Ohio National leave to file its Second Amended Answer and First Party Amended Counterclaim and Third-Party Complaint for Interpleader.

**IV.** **CONCLUSION**

For the foregoing reasons, the Court concludes that Fox's Motion to Intervene (ECF No. 16)

6

is hereby **GRANTED**.  Ohio National's Motion for Leave to File Second Amended Answer and Third-Party Complaint for Interpleader (ECF No. 22) is also hereby **GRANTED**.  All relief not expressly granted is **DENIED**.

 **SO ORDERED** on this **7th day** of **October, 2015.**

              _____
              Reed O'Connor
              **UNITED STATES DISTRICT JUDGE**